UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JEROME LAWSON, | 1:14-cv-00576-EPG-PC |
| Plaintiff, | ORDER DENYING MOTION FOR CHANGE OF VENUE |
| vs. | (ECF No. 18.) |
| USP ATWATER, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Ronald Jerome Lawson ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).  Plaintiff filed the Complaint commencing this action April 11, 2014.  (ECF No. 1.)

On April 23, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On September 25, 2014, the Court dismissed the Complaint for failure to state a claim, with leave to amend.  (ECF No. 13.)  On October 6, 2014, Plaintiff filed the First Amended Complaint.  (ECF No. 14.)  The Court screened the First Amended Complaint pursuant to 28

U.S.C. § 1915A and issued an order on November 2, 2015, requiring Plaintiff to either file a Second Amended Complaint or notify the Court that he is willing to proceed with the claims found cognizable by the Court, within thirty days.  (ECF No. 16.)  To date, Plaintiff has not filed a Second Amended Complaint or notified the Court that he is willing to proceed with the claims found cognizable by the Court.

On November 9, 2015, Plaintiff filed a motion for change of venue, which is now before the Court.  (ECF No. 18.)

## II.    PLAINTIFF'S MOTION

Plaintiff brings a motion for change of venue from the U.S. District Court for the Eastern District of California to the U.S. District Court for the District of Columbia.[1]  Plaintiff argues that venue for this case is proper in the District of Columbia because he names as defendant the Chief Executive Officer (CEO) of the federal Bureau of Prisons (BOP) at the central office in Washington, D.C.  Plaintiff acknowledges that the "tortious conduct" at issue in this action did not take place in the District of Columbia, but he nonetheless seeks to hold the CEO liable for violation of his rights.  (ECF No. 18 at 1.)  Plaintiff states that the CEO did not commit any "tortious act, however he oversees and is responsible for . . . the conditions of the prison system."  Id. at 2.)

### A.    Change of Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a

---

[1] Plaintiff has attached a Statement of Facts for this case to his motion for change of venue. (Doc. 18 at 3-8.)  The Statement of Facts is not the same as that found in the First Amended Complaint.  Plaintiff may not amend the facts of the case in this manner.  Local Rule 220 ("Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.")  Thus, to change the Statement of Facts, Plaintiff must file a new amended complaint complete in itself, which includes the new Statement of Facts.

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. §1404(b).  "A district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. §1404(c).

### *Discussion*

Plaintiff's claims in the First Amended Complaint, brought pursuant to Bivens, stem from events that allegedly occurred at the United States Penitentiary (USP) in Atwater, California, which is located within the boundaries of the Eastern District of California. Plaintiff names as defendants Captain Garcia, Lieutenant Fenton, Lieutenant Lepe, and Officer Alvarado, who were all employed by the BOP at USP-Atwater at the time of the events at issue, and Ramon Brown, who was an inmate at USP-Atwater at the time of the events at issue. Plaintiff also includes "staff officials [of the] Department of Justice, et al., Federal Bureau of Prisons, and Atwater – United States Penitentiary" in his list of defendants on the face page of the First Amended Complaint.  (ECF No. 14 at 1.)  However, Plaintiff does not name the CEO of the BOP in Washington, D.C. as a defendant in the First Amended Complaint.

Plaintiff was advised in the screening order issued on November 2, 2015, that under the doctrine of sovereign immunity, "if a prisoner in a BOP facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer." (ECF No. 16 at 6:10-11 (citing see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 62 (2001)).  Thus, to the extent that Plaintiff seeks to hold the CEO of the BOP liable for violation of Plaintiff's rights merely because the CEO oversees and is responsible for the conditions of the prison system, Plaintiff may not do so in this Bivens action.

Because all of the individual officers named as defendants in the First Amended Complaint reside in the Eastern District of California, and all of the events giving rise to

Plaintiff's claims occurred in the Eastern District of California, venue for this action is proper only in the Eastern District of California, and this action could not have been brought in any other district.  Therefore, the Court may not transfer this case to the District of Columbia, and Plaintiff's motion for change of venue shall be denied.

### III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for change of venue, filed on November 9, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **November 20, 2015**                    /s/ Erica P. Grosjean
                                                                       UNITED STATES MAGISTRATE JUDGE