UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE JEROME LAWSON, | 1:14-cv-00576-EPG-PC |
| Plaintiff, | ORDER ADDRESSING PLAINTIFF'S NOTICES TO THE COURT (ECF No. 20, 21.) |
| vs. | |
| USP ATWATER, et al., | ORDER REQUIRING PLAINTIFF TO RESPOND TO THE COURT'S SCREENING ORDER OF NOVEMBER 2, 2015, WITHIN TWENTY DAYS (ECF No. 16.) |
| Defendants. | |

## I.    BACKGROUND

Ronnie Jerome Lawson ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  On April 11, 2014, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

On April 23, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on September 25, 2014, dismissing the Complaint for failure to state a claim, with leave to amend.  (ECF No. 13.)  On October 6, 2014, Plaintiff filed the First Amended Complaint. (ECF No. 14.)  The Court screened Plaintiff's First Amended Complaint and entered an order on November 2, 2015, requiring Plaintiff to either file a Second Amended Complaint or notify

1

the Court that he is willing to proceed only on the claims found cognizable by the Court, within thirty days.  (ECF No. 16.)  The thirty-day deadline has expired, and although Plaintiff has filed other documents with the Court since November 2, 2015,[1] he has not filed a Second Amended Complaint or notified the Court that he is willing to proceed on the claims found cognizable by the Court.

On December 21, 2015, Plaintiff filed a notice of willingness to enter into settlement negotiations, and on January 26, 2016, Plaintiff filed a notice that he is unable to pay the filing fee.  (ECF Nos. 20, 21.)

## II.   PLAINTIFF'S NOTICES

Plaintiff informs the Court that he is willing to negotiate or accept a monetary settlement from the Department of Justice/Federal Bureau of Prisons in this case.  This case is now in the screening process, and defendants have not yet appeared in the case.  Therefore, it is premature for the Court to schedule a settlement conference for this case.  However, Plaintiff is not precluded from participating in settlement negotiations directly with defendants.

Plaintiff also informs the Court that he is unable to pay the filing fee for this action, and he requests waiver of the fee by the Department of Justice.  Plaintiff is informed that he is proceeding *in forma pauperis* and is not required to pay the entire filing fee before this case goes forward.  However, under 28 U.S.C. § 1915, Plaintiff's filing fee shall not be waived. Plaintiff is required to pay the filing fee even if he is proceeding *in forma pauperis*.  Pursuant to the Court's order of June 5, 2014, granting Plaintiff leave to proceed *in forma pauperis*, payments for the filing fee shall be withdrawn from Plaintiff's prison trust account as funds are available.  (ECF No. 11.)

## III.   COURT'S SCREENING ORDER ISSUED ON NOVEMBER 2, 2016

The Court's screening order issued on November 2, 2016 required Plaintiff to file a Second Amended Complaint or notify the Court that he is willing to proceed on the claims

---

[1] On November 20, 2016, Plaintiff filed a motion for change of venue, which was denied by the Court on November 20, 2015.  (ECF Nos. 18, 19.)  On December 21, 2015, Plaintiff filed a notice of his willingness to enter into settlement negotiations with the defendants.  (ECF No. 20.)  On January 26, 2016, Plaintiff filed a notice that he is unable to pay the filing fee for this case.  (ECF No. 21.)

found cognizable by the Court, within thirty days.  (ECF No. 16.)  The thirty-day deadline has expired, and Plaintiff has not complied with the order.  In the event that Plaintiff did not receive the screening order, Plaintiff shall be granted twenty additional days in which to file a response.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    This order addresses Plaintiff's notices to the Court filed on December 21, 2015 and January 26, 2016;

2.    The Clerk of Court shall send Plaintiff a copy of the Court's screening order of November 2, 2015 (ECF No. 16);

3.    Within twenty days of the date of service of this order, Plaintiff is required to file a response to the Court's screening order, by either:

(1)    filing a Second Amended Complaint, or

(2)    notifying the Court that he is willing to proceed with the claims found cognizable by the Court in the screening order;

4.    Plaintiff's failure to respond to the Court's screening order as ordered herein may result in the dismissal of this case for failure to comply with a Court order.

IT IS SO ORDERED.

Dated:   **April 26, 2016**                          /s/ _Erica P. Grosj_

UNITED STATES MAGISTRATE JUDGE

3