UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE JEROME LAWSON,<br><br>            Plaintiff,<br><br>    vs.<br><br>USP ATWATER, et al.,<br><br>            Defendants. | 1:14-cv-00576-EPG-PC<br><br>ORDER THAT THIRD AMENDED COMPLAINT BE FILED BY THE CLERK<br>(ECF No. 33)<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(ECF No. 33.)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

Ronnie Jerome Lawson ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). On April 11, 2014, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On April 23, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of

California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

## I.     BACKGROUND

The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on September 25, 2014, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 13.)  In that order, the Court explained:

> Although Plaintiff alleges that he was subjected to serious harm, he fails to name as a defendant any federal actor, and fails to allege any facts indicating that any correctional official knew of a particular danger to Plaintiff and disregarded that danger. The only individual defendant identified is an inmate. There is nothing in the complaint that suggests a federal actor knew of and disregarded a risk of harm to Plaintiff. Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm. Plaintiff has failed to do so here. The complaint should therefore be dismissed.

(ECF No. 13, at p. 3).

On October 6, 2014, Plaintiff filed the First Amended Complaint.  (ECF No. 14.) The Court screened Plaintiff's First Amended Complaint and entered an order on November 2, 2015. (ECF No. 16.)  That order found that, "Construed liberally in favor of Plaintiff, these allegations raise a colorable issue whether Officer Alvarado and Lieutenant Lepe acted with deliberate indifference, exposing Plaintiff to a serious risk of rape, which then took place." (ECF No. 16 p.8)  The Court rested its decision on Plaintiff's allegations in his First Amended Complaint that Plaintiff had told Officer Alvarado that he did not want to share a cell with that inmate before the rape, that defendant Lieutenant Lepe was "no more than 10-feet-away" when it took place, and that Plaintiff remained in the cell with the inmate after the Lieutenants questioned Plaintiff and Mr. Brown following the first rape.  The Court gave Plaintiff an option of going forward on the claims found cognizable or filing another amended complaint.

On December 21, 2015, Plaintiff sent the Court a notice that he was "willing to negotiate or accept a monetary settlement from the Department of Justice/Federal Bureau of Prisons.  And by doing so, to immediately stop further District Court proceedings."  (ECF No. 20).  On January 26, 2016, Plaintiff filed a notice that he was not going to be able to pay the

2

court application fee and asked again for an out-of-court settlement.  (ECF No. 21)  The Court addressed these notices, explaining why a settlement conference was not appropriate at this stage and how Plaintiff was proceeding *in forma pauperis*, and gave Plaintiff twenty days to respond to the Court's screening order.  (ECF No. 22).

On May 6, 2016, Plaintiff filed a notice indicating he was willing to proceed on the claims found cognizable by the Court.  (ECF No. 23).  On May 10, 2016, the Court directed Plaintiff to submit service documents, (ECF No. 24), and on May 25, 2016, the Court directed the US Marshall to serve Plaintiff's First Amended complaint on Defendants Alvarado and Lepe, (ECF No. 28).

However, on May 13, 2016, Plaintiff filed a second amended complaint and asked the Court to "disregard my willingness to proceed on Cognizable Claims that I previously sent in to this District Court.  I had a change of heart . . . ."  (ECF No. 25)  Accordingly, the Court vacated its prior orders regarding service and directed the clerk to file the second amended complaint.  (ECF No. 29)

Without leave of the Court, the Plaintiff submitted a third amended complaint on June 6, 2016 and asked that it be accepted by the Court.  (ECF No. 33)  Plaintiff also filed a motion for twelve subpoenas, (ECF No. 32), which the Court denied (ECF No. 35)

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  <u>Id.</u>

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S.Ct. 285 (1976)).

III.     **SUMMARY OF THIRD AMENDED COMPLAINT**

Plaintiff's third amended complaint is not submitted on the court form for complaints. Rather it is a list of six proposed defendants, six proposed claims, and then ten pages of narrative.  The proposed defendants are Mr. Bolt (lieutenant), Mr. Putnum (SIS Lieutenant), Mr. Moles (officer), Mr. Alvarado (Officer), Ms. Podesta (Dr. of Psychology).  The proposed claims are "(1) Intimidation by Lieutenant Bolt and several officers, (2) Instigating an act of prejudice by Lieutenant Putnum, (3) Having knowledge and aiding in disregard of risk to a prisoners health and safety on behalf of Officer Moles, (4) not allowing me freedom from cruel and unusual punishment, and being aware that a substantial risk of serious harm existed on the behalf of Lieutenant-Lepe, (5) Officer- Alvarado denied and ignored my attention of request in a inhumane condition of confinement by not taking reasonable steps to protect as related to his duties, (6) Dr. Podesta for engaging in an act of conspiracy that led to the encouragement of the perpetrator's sexual abusive method of punishment for rape by intimidation."

The supporting facts describe in details various sexual encounters Plaintiff has had with other inmates, and encounters with staff that range from flirtatious to sexual.  At least some of these appear to be consensual as Plaintiff describes regarding one sexual encounter with an inmate that "I let him."  Plaintiff describes the past sexual preferences of other cell mates who

"preferred to be in the nude and exposing himself to female staff members." He describes what certain cellmate's genitals looks like without clothes. Many of these details do not appear to be related to a specific claim against a prison official and do not concern inmate Brown.

Plaintiff also describes in detail a conversation he had with a female staff member who accused him of staring at her inappropriately, which ended with Plaintiff telling her to "Eat a Dick."

Plaintiff describes going to Lieutenant Putnum when he felt he was being harassed by a prisoner. Lieutenant placed him on lock down while the matter was investigated. During that lock down, Plaintiff became attracted to a female medical staff employee because "She's so beautiful!" Plaintiff describes how he would draw a picture of a Playboy Bunny on his left bicep on a sheet of paper.

There are also references to other disputes with prison staff such as the number of radios Plaintiff was allowed in his cell and how his 10-page autobiography was missing.

Plaintiff also describes interactions with inmate Ramon Brown. Mr. Brown was mentioned in the earlier screened complaint as the one who allegedly raped Plaintiff. Plaintiff alleges in this Third Amended Complaint as well that "on Wednesday August 28, 2013 . . . Brown raped me," without any detail about the lack of consent, but with graphic detail about how it felt.

Notably, Plaintiff does not allege in this Third Amended Complaint that Lieutenant Lepe was ten feet away when it happened, that any prison officers learned about one rape and then still put him in a cell with Mr. Brown, nor he told any officers not to put him in a cell with Mr. Brown as he had alleged in his First Amended Complaint. He does not allege any specific knowledge by Defendants or actions they could have taken to prevent the rape.

IV.     **PLAINTIFF'S CLAIMS**

A <u>Bivens</u> action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983.[1]  <u>Hartman v. Moore</u>, 547 U.S. 250, 126 S.Ct. 1695 (2006). "Actions under §

---

[1] The Civil Rights Act (42 U.S.C. § 1983) provides, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

1983 and those under <u>Bivens</u> are identical save for the replacement of a state actor under §

1983 by a federal actor under <u>Bivens</u>." <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991).

The basis of a <u>Bivens</u> action is some illegal or inappropriate conduct on the part of a federal

official or agent that violates a clearly established constitutional right. <u>Baiser v. Department of</u>

<u>Justice, Office of U.S. Trustee</u>, 327 F.3d 903, 909 (9th Cir. 2003). "To state a claim for relief

under <u>Bivens</u>, a plaintiff must allege that a federal officer deprived him of his constitutional

rights." <u>Serra v. Lappin</u>, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing <u>see</u> <u>Shwarz v. United</u>

<u>States</u>, 234 F.3d 428, 432 (9th Cir. 2000). A <u>Bivens</u> claim is only available against officers in

their individual capacities, <u>Morgan v. U.S.</u>, 323 F.3d 776, 780 n.3 (9th Cir. 2003); <u>Vaccaro v.</u>

<u>Dobre</u>, 81 F.3d 854, 857 (9th Cir. 1996), and Plaintiff must allege facts linking each named

defendant to the violation of his rights, <u>Iqbal</u>, 556 U.S. at 676; <u>Simmons v. Navajo County,</u>

<u>Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235

(9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). "A plaintiff must plead

more than a merely negligent act by a federal official in order to state a colorable claim under

<u>Bivens</u>." <u>O'Neal v. Eu</u>, 866 F.2d 314, 314 (9th Cir.1988). The factual allegations must be

sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short

of meeting this plausibility standard. <u>Iqbal</u>, 556 U.S. at 678-78; <u>Moss</u>, 572 F.3d at 969.

 The Eighth Amendment prohibits cruel and unusual punishment. As applied to

prisoners, it prohibits inhumane methods of punishment and inhumane conditions of

confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison

conditions may be restrictive and harsh, prison officials must provide prisoners with food,

clothing, shelter, sanitation, medical care, and personal safety. <u>Farmer v. Brennan</u>, 511 U.S.

825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials

---

be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of
any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress . . . .".

have a duty to take reasonable steps to protect inmates from physical abuse.  Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety."  Farmer, at 834.  The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result."  Id. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware."  Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that he was raped by another inmate.  While this is a serious and troubling accusation, as described in prior screening order, this alone does not give rise to a federal claim against prison officials.  Notably, Plaintiff does not name the inmate as a defendant.  Plaintiff has not alleged facts indicating that any specific prison official defendant acted with deliberate indifference to his safety.  He does not allege that he informed an officer

that there was a risk of such assault happening, or that any individual defendant failed to take measures to prevent the assault. He does not include the facts that the Court previously found supported a claim for an Eighth Amendment violation, such as a correctional officer defendant being 10 feet away, or ignoring requests not to be housed together. The complaint does not allege that any defendants knew about the rape or failed to take specific steps to prevent it. The Court finds that Plaintiff fails to state a claim for a violation of the Eighth Amendment.

Plaintiff's other purported claims, such as "intimidation by Lieutenant Bolt" do not state a federal cause of action and the Court finds that the complaint fails to state any claim against any defendant.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff Third Amended Complaint (ECF No. 33) fails to state a cognizable claim against any defendant and should be dismissed.

The Court does believe Plaintiff is entitled to additional leave to amend his complaint. The Court recognizes that it found that an earlier complaint stated a cognizable claim against certain defendants. However, Plaintiff decided not to go forward with that earlier complaint and omitted the facts in this Third Amended Complaint that the Court previously found supported a claim against two defendant prison officers.

Moreover, this case has been pending since 2014. Plaintiff has now filed four complaints. When the Court found that one of those complaints set forth cognizable claims, Plaintiff initially failed to respond to the Court's screening order. Instead, he wrote repeatedly to say that he wished to receive money from the state in lieu of going forward with this case. After an order from the Court, Plaintiff finally indicated he wished to go forward with the claims found cognizable and the Court alerted the US Marshalls and began initiating service. Then Plaintiff changed his mind and went on to file two additional amended complaints. The last amended complaint does not include the facts or specific legal claims that were found cognizable by the Court.

Plaintiff's most recent complaint also includes tangential lewd and lascivious language that is inappropriate for a court pleading. Although the Court takes an accusation of rape very

seriously and does not shy away from necessary elements of that claim, Plaintiff's complaint includes inappropriate sexual detail unrelated to any constitutional claim.

Given the history of this case, including multiple orders from the Court advising Plaintiff of the potential legal claims, Plaintiff's failure to allege any cognizable claims in his Third Amended Complaint, Plaintiff's decision not to proceed with his First Amended Complaint after the Court had initiated service, and Plaintiff's inclusion of inappropriate sexual details tangential to his claims, the Court finds that further leave to amend should not be granted.

Accordingly, IT IS HEREBY ORDERED that:

1.      The clerk of the court shall file the Third Amended Complaint, dated June 6, 2016.  (ECF No. 33)

2.      Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983;

3.      This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

4.      The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 13, 2016**           /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE