IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JEROME LAWSON, | Case No. 1:14-cv-00576-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO SEAL |
| v. | (ECF NO. 46) |
| DEPARTMENT OF JUSTICE, et al., | |
| Defendants. | |

Ronald Lawson ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis*. This action was dismissed on September 14, 2016 (ECF No. 37), and the dismissal was affirmed on May 15, 2017 (ECF Nos. 44 & 45).

On November 26, 2018, Plaintiff filed a request for this case "to be removed from access of public view within the system of the federal B.O.P." (ECF No. 46), which the Court construes as a motion to seal. Plaintiff makes this request for "safety reasons!" (Id.).

The following law applies to motions to seal court records:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. Foltz, 331 F.3d at 1135 (citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir.1995)). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. Foltz, 331 F.3d at 1135. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," id. (citing San Jose Mercury News, Inc.

1

> v. U.S. Dist. Ct., 187 F.3d 1096, 1102–03 (9th Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the " 'public interest in understanding the judicial process.' " Hagestad, 49 F.3d at 1434 (quoting EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir.1990)). In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. Foltz, 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Hagestad, 49 F.3d at 1434 (citing Valley Broadcasting Co. v. U.S. Dist. Ct., 798 F.2d 1289, 1295 (9th Cir.1986) ).
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. Nixon, 435 U.S. at 598, 98 S.Ct. 1306; accord Valley Broadcasting Co., 798 F.2d at 1294. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. Foltz, 331 F.3d at 1136.

Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

  Plaintiff has failed meet the "compelling reasons" standard. Plaintiff's only explanation for his request to seal this entire case is "safety reasons." Plaintiff does not elaborate on what those safety reasons are, or explain why every document in this case needs to be sealed. Accordingly, IT IS ORDERED that Plaintiff's motion to seal is DENIED.

IT IS SO ORDERED.

  Dated: **November 29, 2018**     /s/ Erin P. Gro[signature]
                UNITED STATES MAGISTRATE JUDGE